966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alfred P. STEWART, Jr., Individually, and in his own right;
Dana Stewart, infant, by Alfred her father, and next friend;
Mary P. Price, Individually, and in her own right; Ian
McAllister, infant, by Mary P. Price, his mother, and next
friend, Plaintiffs-Appellants,
v.
Jacqueline WILSON; Margaret A. Cameron, Defendants-Appellees.
 No. 91-1053.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 27, 1992
Decided: June 11, 1992
 
 Joseph F. Lentz, Jr., Lentz, Hooper, Jacobs & Blevins, P.A., Baltimore, Maryland, for Appellants.
 Paul J. Weber, Rollins, Smalkin, Richards & Mackie, Baltimore, Maryland, for Appellees.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 This appeal arises from a diversity action brought by Alfred Stewart, Jr., Dana Stewart, Mary Price and Ian McAllister against Margaret Cameron and Jacqueline Wilson seeking direct and consequential damages for personal injuries sustained by the several plaintiffs as the result of a collision with an automobile owned by Cameron that was being driven at the time by Wilson, her daughter. The complaint alleged active negligence by Wilson as the proximate cause of the collision and sought to hold Cameron vicariously liable on allegations that Wilson was then operating Cameron's automobile as the latter's agent or servant.
 
 
 2
 Margaret Cameron moved for summary judgment on the basis that as a matter of law on the summary judgment record she could not be found vicariously liable as Wilson's principal or master for any damages caused by the latter's negligence. The district court granted Cameron's motion, expressly ruling that as a matter of law on the undisputed facts of record (1) Wilson was not at the time of the collision operating Cameron's automobile as the latter's agent or servant, (2) nor was Wilson then making "permissive use" of Cameron's automobile.
 
 
 3
 Upon the district court's certification of the order dismissing the claim against Cameron for appeal under Fed. R. Civ. P. 54(b), the plaintiffs gave notice of appeal. In their brief, the appellants expressly abandoned any challenge to the district court's ruling that as a matter of law Wilson was not Cameron's agent or servant, leaving only its "no-permissive-use" ruling as a basis for challenge. As to that ruling, appellants primarily contend that the ruling was outside the scope of the issues properly before the court and should therefore be vacated. In a fall-back position, they contend that the ruling was in any event erroneous.
 
 
 4
 Cameron as appellee contends primarily that the district court did not err in its no-permissive-use ruling, and, in a fall-back position, that any error in the ruling was harmless.
 
 
 5
 We agree with the appellants' primary argument that the district court's no-permissive-use ruling was "irrelevant", being outside the scope of the issues properly before it. The appellants' several claims of vicarious liability against Cameron were grounded solely upon allegations of Wilson's agency. Once the agency issue was resolved in Cameron's favor, there was no further basis upon which her liability to the appellants could be established under the claims as pleaded against her. The no-permissive-use ruling was for that reason unnecessary to the judgment dismissing the claims against Cameron. We therefore vacate that ruling as improvidently made and hold it to be of no legal effect.
 
 
 6
 Accordingly, since appellants have abandoned any challenge to the district court's completely dispositive no-agency ruling, we affirm the district court's judgment as modified by the vacation of its nopermissive-use ruling.
 
 
 7
 Because we have concluded that it would not materially aid the court in reaching decision, we have dispensed with oral argument and decide the appeal on the basis of the written briefs and record.
 
 
 8
 AFFIRMED AS MODIFIED*
 
 
 
 *
 In view of this disposition, we deny appellee's motion, filed June 10, 1991, to dismiss the appeal